

**Lewis Baach Kaufmann Middlemiss PLLC**

Cristián Francos
202 659 6878
cristian.francos@lbkmlaw.com

January 8, 2026

**VIA ECF**

Honorable Loretta A. Preska
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Proyecto CCC Empalme I, S.A.P.I. de C.V. v. Comision Federal de Electricidad*, Case No. 1:24-cv-09739-LAP: Letter-Motion for an Extension of Time

Dear Judge Preska:

This firm represents Respondent Comision Federal de Electricidad ("CFE") in this proceeding. In accordance with Local Rule 7.1(e) and Paragraph 1.E of Your Honor's Individual Practices, I write to request an extension of time for CFE to respond to the Petition to Confirm and Enforce Foreign Arbitral Award ("Petition") (ECF No. 5). Though the parties had reached a settlement agreement in principle, subject to CFE's internal approval process, and CFE had every expectation that the agreement would be consummated and Petitioner would dismiss the Petition, six days ago Petitioner advised CFE that it no longer wishes to finalize that agreement or to engage in further settlement discussions. Therefore, CFE now requires additional time to prepare its response to the Petition, which will include extensive Spanish-language documents that require translation and work with Spanish-speaking client personnel to prepare a supporting declaration.

This is CFE's fourth request for an extension. On August 19, 2025, CFE was served with the Petition. CFE's initial deadline to respond to the Petition under 28 U.S.C. § 1608(d) and Fed. R. Civ. P. 6(a)(1)(C) was October 20, 2025. On October 15, 2025, CFE requested a 45-day extension of that deadline, until December 4, 2025. Dkt. 13. In that request, CFE explained that the parties were substantially advanced in settlement discussions, and the requested extension would allow those discussions to continue. CFE further advised that Petitioner had consented to the extension on the condition that CFE agree not to challenge the validity of service of the Petition. CFE so agreed, but expressly reserved, and now continues to expressly reserve, all other rights and defenses, including any objection to the exercise of personal jurisdiction over CFE. On October 17, 2025, the Court entered an Order granting the requested extension. Dkt. 14. On December 1, 2025, CFE requested a second extension, until December 19, 2025, with Petitioner's consent, as the parties' settlement discussions were still ongoing at that time, and the Court granted the request. Dkt. 16. During that period, the parties reached a settlement agreement in principle, however CFE, a Mexican State-owned utility company, could not finalize and execute the settlement agreement until it went through an internal approval process, which would not be completed by the deadline

**Lewis
Baach
Kaufmann
Middlemiss**
PLLC

Hon. Loretta A. Preska
January 8, 2026
Page 2

for responding to the Petition. Petitioner would agree only to a 10-day extension, which CFE was concerned would not be sufficient time for the internal approval process to conclude, so CFE requested a 31-day extension until January 19, 2026, which the Court granted. Dkt. 18.

On December 19, 2025, Petitioner wrote to CFE to advise that it would only proceed with the parties' settlement in principle if the initial payment was made by the end of 2025. On December 28, 2025, CFE responded, reiterating its commitment to finalize the settlement as soon as possible. On January 2, 2026, while CFE's internal approval process was underway, Petitioner reversed course and advised CFE that the parties no longer had an agreement, it was not interested in further settlement discussions, and it would not agree to any further extensions.

Petitioner's reversal after a settlement in principle necessitated a shift from settlement to preparing a full response to the Petition. Preparing CFE's response requires collecting and translating substantial Spanish-language documents and coordinating with Spanish-speaking client personnel for supporting declarations. In addition, my partners and I have upcoming pre-planned travel that affects availability for drafting and coordination.

Therefore, CFE respectfully requests that <u>the deadline to respond to the Petition be extended 32 days, until February 20, 2026.</u> This period is reasonable given the above-mentioned needs and limitations on availability. These tasks could not commence in earnest while CFE was pursuing a settlement in principle which it understood would be consummated and would lead to the dismissal of this proceeding. The parties are not yet scheduled to appear before the Court, so the present request will not impact any other deadlines.

SO ORDERED
_Loretta A. Preska_
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE
1/12/24

Sincerely,

/s/ Cristián Francos
Cristián Francos

CC (via ECF): Counsel of record

WASHINGTON   NEW YORK   LONDON
lbkmlaw.com