

Cristián Francos
202 659 6878
cristian.francos@lbkmlaw.com

May 14, 2026

**VIA ECF**

Honorable Loretta A. Preska
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re:**  *Proyecto CCC Empalme I, S.A.P.I. de C.V. v. Comisión Federal de Electricidad*, **Case No. 1:24-cv-09739-LAP: Request for Pre-Motion Conference**

Dear Judge Preska:

This firm represents Respondent Comisión Federal de Electricidad ("CFE") in this proceeding. We write pursuant to section (2)(a) of Your Honor's Individual Practices to request a pre-motion conference with the Court before making a motion to dismiss this proceeding as moot or, in the alternative, to stay this proceeding.

The Petition to Confirm and Enforce Foreign Arbitral Award ("Petition") (ECF No. 5) seeks confirmation of an arbitral award (ECF No. 5-2, "Award") following arbitration in Mexico regarding a Mexican contractual dispute between two Mexican parties. CFE responded to the Petition on February 20, 2026 (ECF No. 25) ("Opposition"), and Petitioner filed a reply brief on April 28, 2026 (ECF No. 30) ("Reply"). CFE filed a sur-reply with the Court's leave on May 14, 2026 (ECF No. 38).

In the Opposition, CFE explained (at 1) that Petitioner had successfully pursued litigation in Mexico to confirm the Award, the Mexican court was overseeing CFE's efforts to complete payment of the full Award amount, and "[p]ayment of the full Award amount will moot this proceeding." On March 26, 2026, in accordance with an order of the Mexican court, CFE paid the full amount of the Award. *See* **Exhibit A**. The Mexican court then ordered Petitioner to submit its position within three days and, if applicable, to issue an invoice for the Award

**Lewis
Baach
Kaufmann
Middlemiss**
PLLC

Hon. Loretta A. Preska
May 14, 2026
Page 2

amount to withdraw those funds. Petitioner refused to issue the invoice, asserting that CFE must pay Value Added Tax ("VAT") in addition to the full Award amount, even though VAT is not mentioned anywhere in the Award. Such payment would increase the amount awarded, thereby leading to an overpayment by CFE beyond what was ordered by the Arbitral Tribunal. CFE opposed the request and understands that the Mexican court will issue a ruling.

Petitioner's Reply does not acknowledge CFE's payment of the full Award or address CFE's assertion that such payment moots this proceeding. The undersigned contacted counsel for Petitioner before submitting this letter, and he confirmed that Petitioner intends to continue to pursue this proceeding. Petitioner's failure to disclose the payment and its decision to continue litigating notwithstanding full satisfaction of the Award amount reflect unreasonable, bad-faith tactics that have needlessly consumed judicial resources and forced CFE to incur unnecessary fees, warranting a fee award under this Court's inherent authority; CFE reserves all rights in this regard. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 110-11 (2017); *G. Russell Chambers v. NASCO, Inc.*, 501 U.S. 32, 55-58 (1991).

Petitioner clearly seeks to extract more money from CFE through the proceedings in Mexico, but that does not confer Petitioner withstanding to pursue this proceeding. Once an arbitral award is paid in full, the petitioner in a confirmation proceeding has "obtained all the relief [it] could receive on [its] claim through further litigation" and retains no "concrete interest" in confirmation. *Stafford v. Int'l Business Machines Corp.*, 78 F.4th 62, 67-68 (2d Cir. 2023). Therefore, "a petition to confirm an arbitration award is moot when there is no longer any issue over payment or ongoing compliance with a prospective award." *Id.* at 68.

Petitioner may assert that there is still a live controversy over whether CFE has paid the Award in full because Petitioner seeks VAT in addition to the Award amount. However, the Award does not require CFE to pay VAT, and the Petition did not mention or otherwise seek VAT. Instead, the Award includes "a table illustrating the amounts owed by CFE to Empalme." Petition ¶ 30. Petitioner copied that table into the Petition; it does not include VAT. *Id.* On March 31, 2026, the Mexican court recorded that CFE had paid the Award amount, including all amounts included in that table, specifically:

**Lewis
Baach
Kaufmann
Middlemiss**
PLLC

*a) Refund of the HSBC Letter of Credit USD 13,627,892.00*

*b) Expenses for the execution of the HSBC Letter of Credit USD 51,195.45*

*c) Reimbursement Withholding, Fifth Amending Agreement USD 337,128.97*

*d) Additional work USD 3,348,527.30*

*e) Recognized additional work USD 109,299.58*

*f) Personnel management - office administration USD 6,950,822.24*

*g) Financial costs related to Agreement 25.5 USD 163,861.91*

*h) Costs associated with the Evidence in accordance with the fifth amending agreement USD 1,214,852.45*

*i) Arbitration costs GBP 204,459.08*

*j) Legal costs USD 880,176.15 EUR 97,127.30 MXN 8,418,235.82*

*See* **Exhibit A**.

Therefore, there can be no legitimate dispute as to whether the Award has been paid in full, and a manufactured dispute about the payment amount does not create a "concrete injury." *See Kearns v. Cuomo*, 981 F.3d 200, 207 (2d Cir. 2020) ("the presence of a disagreement, however sharp and acrimonious it may be, is insufficient by itself" to meet the requirements of Article III standing, which include an "injury in fact"). Therefore, the Petition should be dismissed as moot.

However, to the extent that the Court determines that there is still a live controversy, CFE respectfully requests, in the alternative, that the Court stay this proceeding pending resolution of the VAT dispute by the Mexican court. Any obligation to pay VAT necessarily arises under Mexican law, and Petitioner's claim for VAT is already before the Mexican court. To the extent that the Mexican court denies Petitioner's claim for VAT, there will be no need for this Court to take any further action. Therefore, in the interest of efficiency, the Court should stay this proceeding pending resolution of the matter by the Mexican court.

This letter is 895 words.

Lewis
Baach
Kaufmann
Middlemiss
PLLC

Hon. Loretta A. Preska
May 14, 2026
Page 4

Sincerely,

_/s/ Cristián Francos_

Cristián Francos
Chiara Spector-Naranjo
Alexander Bedrosyan

CC (via ECF): Counsel of record